IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODERICK LYNN HILEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-CV-184-NJR-RJD |
| | ) |
| JOSH EHLER, SCOTT RICE, JASON LEEK, and CITY OF ANNA, ILLINOIS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Reona J. Daly (Doc. 29), which recommends denying the Motion to Dismiss for Lack of Prosecution, filed by Defendants Josh Ehler, Scott Rice, Jason Leek, and City of Anna, Illinois (Doc. 24).

Plaintiff Roderick Lynn Hileman brings this action under 42 U.S.C. § 1983, alleging City of Anna police officers violated his constitutional rights when they arrested him (Doc. 1). Hileman was represented by counsel when the Complaint was filed on February 6, 2018 (*Id.*). On November 6, 2018, Hileman's counsel moved to withdraw from the case (Doc. 18). Following a hearing on the matter (Doc. 22), the Court granted the motion to withdraw and directed Hileman to either file a notice of intent to proceed *pro se* or have new counsel file his or her notice of appearance, on or before December 19, 2018 (Doc. 23). Hileman failed to meet this deadline, and Defendants filed a Motion to Dismiss for Lack

of Prosecution on December 21, 2018 (Doc. 24). On December 27, 2018, Hileman filed a Notice to Proceed *Pro-Se* (Doc. 25). The Court held a status conference on January 3, 2019, and Hileman failed to participate (Doc. 26). The Court set another status conference for January 24, 2019, and Hileman attended the conference (Doc. 28).

On January 24, 2019, Judge Daly issued the Report and Recommendation currently before the Court (Doc. 29). Judge Daly recommends denying Defendants' Motion to Dismiss because although Hileman failed to meet the deadline to file his notice to proceed *pro se*, "he has made clear to the Court that he intends to proceed with the case and is cooperating in the discovery process (*Id.* at p. 3). Objections to the Report and Recommendation were due on or before February 7, 2019. *See* 28 U.S.C. § 626(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR73.1(b). No objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed the briefs submitted by the parties, as well as

Judge Daly's Report and Recommendation. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Judge Daly and **ADOPTS** the Report and Recommendation in its entirety. Defendants' Motion to Dismiss for Lack of Prosecution (Doc. 24) is **DENIED.**

**IT IS SO ORDERED.**

DATED:  April 8, 2019

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**