IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODERICK LYNN HILEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-CV-184-NJR-RJD |
| | ) |
| JOSH EHLER, JASON LEEK, SCOTT | ) |
| RICE, and CITY OF ANNA, ILLINOIS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion for Summary Judgment (Doc. 30) filed by Defendants Josh Ehler, Jason Leek, Scott Rice, and City of Anna, Illinois. For the following reasons, the motion is granted.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are undisputed.[1] On the evening of July 19, 2015, Officer Josh Ehler observed Roderick Hileman holding a beer can and standing in the parking lot of a liquor store in Anna, Illinois (Doc. 30, Ex. 1). Hileman was intoxicated and belligerent and eventually threatened Ehler, telling him he was going to "beat" his "f***ing ass" (*Id.*). Ehler attempted to take Hileman into custody, but Hileman resisted and fled (*Id.*). Ehler chased Hileman and apprehended him after using a taser (*Id.*).

---

[1] The facts are entirely adopted from Defendants' Motion for Summary Judgment. Hileman did not offer his own statement of facts or cite any evidence to create a genuine dispute of fact. The Court is cognizant of Hileman's status as a *pro se* litigant, and the general rule of leniency afforded to unrepresented parties. But the Court cannot go as far as making Hileman's case for him.

Hileman was charged under Illinois law with one count of escape, three counts of obstructing a peace officer, and one count of aggravated assault (Doc. 30, Ex. 3). Hileman proceeded to a jury trial on November 15, 2017, and was found guilty on all five counts (*Id.*).

On February 6, 2018, Hileman filed a Complaint in this district court, alleging he was sitting on rocks in a parking lot on July 19, 2015, when Ehler drove up in his patrol vehicle and became verbally combative (*Id.* at p. 2). Hileman alleges Ehler exited the vehicle, shocked him with a taser, and severely beat him (*Id.*). Hileman asserts he had not violated any law, and there was no probable cause for his arrest (*Id.*). Hileman brings claims under 42 U.S.C. § 1983 ("Section 1983") for unreasonable seizure (Count I); false arrest (Count II); excessive force (Count III); failure to intervene (Count IV); and supervisor liability (Count V) (Doc. 1). The Court has federal question jurisdiction over the Section 1983 claims pursuant to 28 U.S.C. § 1331. Hileman also brings claims under Illinois state law for indemnification (Count VI); intentional infliction of emotional distress (Count VII); battery (Count VIII); willful and wanton conduct (Count IX); false arrest (Count X); and respondeat superior (Count XI) (*Id.*). The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

On March 6, 2019, Defendants filed a Motion for Summary Judgment, arguing Hileman's Section 1983 claims are barred by the *Heck* doctrine, and the Court should refuse to exercise supplemental jurisdiction over the remaining state law claims (Doc. 31). Alternatively, Defendants argue they are entitled to qualified immunity, and Hileman has not produced any evidence to support his claims (*Id.*).

## SUMMARY JUDGMENT STANDARD

Summary Judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) (*quoting* FED. R. CIV. P. 56(a)). Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts," to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A "court may not assess the credibility of witnesses, choose between competing inferences or balance the relative weight of conflicting evidence . . . ." *Reid v. Neighborhood Assistance Corp. of America*, 749 F.3d 581, 586 (7th Cir. 2014) (*quoting Abdullahi v. City of Madison*, 423 F.3d 763, 769 (7th Cir. 2005)).

## DISCUSSION

Defendants argue that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Hileman's Section 1983 claims. In *Heck*, the plaintiff was convicted of manslaughter and subsequently brought suit under Section 1983 for malicious prosecution. *Id.* The Supreme

Page **3** of **8**

Court held the claim was not cognizable under Section 1983 because Heck would have to prove that his underlying criminal prosecution was terminated in his favor, which would amount to a collateral attack on his conviction. *Id.* at 484-86. The Court held,

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 487 (emphasis in original).

I. **False Arrest and Unreasonable Seizure**

Hileman brings a Fourth Amendment claim for false arrest, and a duplicative claim for unreasonable seizure.[2] To prove false arrest, Hileman must show there was no probable cause for his arrest. *Jackson v. Parker*, 627 F.3d 634, 638 (7th Cir. 2010). *Heck* does not automatically preclude a claim of false arrest. "The fact that there is ultimately sufficient evidence to convict a criminal defendant does not always mean that there was probable cause to arrest him in the first place." *Lang v. City of Round Lake Park*, 87 F. Supp. 2d 836, 843 (N.D. Ill. Jan. 4, 2000). But where there is no difference between the evidence

---

[2] Although Federal Rule of Civil Procedure 8(d)(2) permits alternative pleading, claims that involve the same facts and injury and require proof of the same elements are duplicative as opposed to alternative, and a district court has the authority to dismiss them. *Barrow v. Blouin*, 38 F. Supp. 3d 916, 920 (N.D. Ill. May 7, 2014). Because Hileman's unreasonable seizure and false arrest claims are both based on his arrest and the probable cause for the arrest, his alleged injury under both claims resulted from his arrest, and the claims require essentially the same elements, thus they are clearly duplicative. And, because Hileman's unreasonable seizure claim is based on his arrest, a false arrest claim is the more appropriate claim to assert. *See Id.* Accordingly, Hileman's claim for unreasonable seizure (Count I) is DISMISSED with prejudice as duplicative of his false arrest claim.

used to determine probable cause and the evidence used to determine guilt, an attack on one is the attack on the other, and the claim cannot survive under *Heck*. *Id.*

Here, the evidence of probable cause—Ehler's testimony—and the evidence of guilt are one in the same. When "criminal action [takes] place in the presence of the arresting officer, the arresting officer's testimony necessarily establishes both probable cause and the elements of the offense; to attack one is to attack the other." *Puch v. Vill. of Glenwood, Ill.*, No. 05 C 1114, 2012 WL 2502688, at *4 (N.D. Ill. June 27, 2012). Thus, Hileman cannot challenge probable cause without challenging his conviction, and Defendants are entitled to judgment as a matter of law on Hileman's Section 1983 claim of false arrest (Count II).

**II. Excessive Force and Failure to Intervene**

Hileman also asserts an excessive force claim against Ehler, and a failure to intervene claim against Leek for not intervening when Ehler used excessive force. "As a general proposition, a plaintiff who has been convicted of resisting arrest or assaulting a police officer during the course of an arrest is not *per se Heck*-barred from maintaining a § 1983 action for excessive force stemming from the same confrontation." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006). An opposite conclusion "would imply that once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages." *Id.* (internal citations and quotations omitted). But where a plaintiff pleads facts inconsistent with his underlying conviction, *Heck* demands dismissal of the claims. *Id.*

In this case, Hileman does not just allege that Ehler used excessive force. Instead,

Hileman also states "[he] had not violated any city, state or federal law for which he could be arrested" (Doc. 1, p. 2). These allegations clearly implicate the validity of Hileman's convictions and trigger the *Heck* doctrine. There is a difference between being agnostic about the facts underlying a criminal conviction and totally denying them. *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011). *Heck* allows the former, but not the latter. *McCann*, 466 F.3d at 622-23 (where the Seventh Circuit reversed a district court's dismissal of the plaintiff's Section 1983 claims because the plaintiff's allegations could be read as only challenging the amount of police force used in response to the plaintiff's unlawful actions). Accordingly, Hileman's Section 1983 claim for excessive force (Count III) fail as a matter of law. Consequentially, the failure to intervene claim (Count IV) also fails. *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005) ("In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation.").

In light of the dismissal of the Section 1983 claims for false arrest, excessive force, and failure to intervene, Defendants are also entitled to summary judgment on Hileman's supervisor liability claim (Count V). *Estate of Phillis v. City of Milwaukee*, 123 F.3d 586, 597 (7th Cir. 1997) ("Neither the City nor the police officers' supervisor can be held liable on a failure to train theory or on a municipal policy theory absent a finding that the individual police officers are liable on the underlying substantive claim.").

**III. Remaining State Law Claims**

Because the only remaining claims arise under Illinois state law, the Court must determine whether to exercise its supplemental jurisdiction. The basis for the Court's

subject matter jurisdiction in this case is 28 U.S.C. § 1331, which grants federal district courts original jurisdiction over cases "arising under the constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This jurisdiction stems from Hileman's Section 1983 claims. The Court's jurisdiction over Hileman's state law claims lies in supplemental jurisdiction, as codified in 28 U.S.C. § 1367, which extends the subject matter jurisdiction of federal district courts to all claims that form the same case or controversy as the federal claims. *See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-65 (1997). Although district courts may exercise supplemental jurisdiction, they are not required to do so. *See Id.* Supplemental jurisdiction is "a doctrine of discretion, not of plaintiff's right." *Id.*

There are several situations enumerated in 28 U.S.C. § 1367 in which it is appropriate for a court to decline to exercise supplemental jurisdiction. One of these situations is when the district court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). When deciding whether to exercise supplemental jurisdiction, district courts should balance judicial economy, convenience, fairness, and comity. *See College of Surgeons*, 522 U.S. at 172-73. Under the convenience factor, a district court should exercise supplemental jurisdiction when it is clear how the state-law claims must be decided. *See Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. 1997). "[I]f . . . an interpretation of state law that knocks out the plaintiff's state claim is obviously correct, the federal judge should put the plaintiff out of his misery then and there, rather than burdening the state courts with a frivolous case." *Id.*

Here, Hileman's state-law claims are just as unviable as his federal claims, because Illinois has adopted the *Heck* doctrine. *See Stark v. City of Waukegan*, 946 F. Supp. 2d 780,

803 (7th Cir. 2013). Hileman's claims for intentional infliction of emotional distress, battery, willful and wanton conduct, false arrest, and respondeat superior all derive from the same set of facts underlying the Section 1983 claims. And because the Section 1983 claims are *Heck*-barred, the state-law claims fail for the same reason. *See Littrell v. Gulbrantson*, No. 15 CV 50011, 2018 WL 2933664, at *7 (N.D. Ill. June 12, 2018); *Puch*, 2008 WL 4442610, at *11; Accordingly, the Court retains supplemental jurisdiction over the Illinois state law claims (Counts VI-XI), and finds they fail as a matter of law.

## Conclusion

For these reasons, the Motion for Summary Judgment (Doc. 30), filed by Defendants Josh Ehler, Jason Leek, Scott Rice, and City of Anna, Illinois is **GRANTED**. Count I (unreasonable seizure) is **DISMISSED with prejudice** as duplicative of Count II (false arrest). All other claims are **DISMISSED without prejudice** pursuant to *Heck v. Humphrey*.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

DATED: June 12, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**